# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CHRISTINA JO MUZIO,**

        **Plaintiff,**

**v.**                                              **Case No:   6:14-cv-1288-Orl-GJK**

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

---

# MEMORANDUM OF DECISION

Christina Jo Muzio (the "Claimant"), appeals to the District Court from a final decision of the Commissioner of Social Security (the "Commissioner") denying her application for supplemental security income ("SSI"). Doc. No. 1. Claimant argues that the Administrative Law Judge (the "ALJ") erred by: 1) relying on the vocational expert's ("VE") testimony in finding that Claimant can perform other jobs in the national economy; 2) not considering whether she meets or equals the listing for autism located in 20 C.F.R. part 404, subpart P, appendix 1 § 12.10; 3) not including a limitation concerning her ability to function without the assistance of a family member; and 4) finding her testimony concerning her pain and limitations not credible. Doc. No. 30 at 14-17, 25-27, 29-30, 34-36. Claimant requests that the matter be reversed for an award of benefits, or, in the alternative, remanded for further proceedings. *Id*. at 39. For the reasons set forth below, the Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings.

## I.     STANDARD OF REVIEW.

The Commissioner's findings of fact are conclusive if supported by substantial evidence.

42 U.S.C. § 405(g).   Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).   Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision.   *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991).   The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.   *Foote*, 67 F.3d at 1560.   The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'"   *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.    ANALYSIS.

Claimant alleges a disability onset date of February 23, 2011.   R. 15, 160.   Claimant argues that the ALJ erred by relying on the VE's testimony in determining that she can perform other work in the national economy.   Doc. No. 30 at 25-27.[1]   At step five of the sequential evaluation process, the ALJ uses the claimant's residual functional capacity ("RFC"), age, education, and work experience to determine if other work is available in significant numbers in

---

[1] The ALJ determined that Claimant did not have any past relevant work.   R. 21.

the national economy that the claimant can perform.  *Phillips*, 357 F.3d at 1239.[2]   The

Commissioner bears the burden at step five to show the existence of such jobs.  *Id*. at 1241 n.10

(citing *Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996)).   One of the methods used to show

that the claimant can perform other jobs in the national economy is through the testimony of a VE.

*Id*. at 1239-40.   If the ALJ relies on a VE, he or she must pose hypothetical questions which are

accurate and which include all of a claimant's limitations.   *Pendley v. Heckler*, 767 F.2d 1561,

1563 (11th Cir. 1985).   However, the ALJ need not include "each and every symptom" of the

claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir.

2007), or medical "findings . . . that the ALJ . . . properly rejected as unsupported" in the

hypothetical question, *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004).

Where the ALJ relies significantly on the testimony of a VE to find that other jobs exist in the

national economy that a claimant can perform, but fails to include all the claimant's limitations in

the hypothetical question, the Eleventh Circuit has held that the final decision is not supported by

substantial evidence.   *Pendley*, 767 F.2d at 1562 (quoting *Brenem v. Harris*, 621 F.2d 688, 690

(5th Cir. 1980)).[3]

   At step two of the sequential evaluation process, the ALJ found Claimant suffered from

the following severe impairments: Asperger's disorder; personality disorder; obsessive-

compulsive disorder; and obesity.   R. 17.   At step four of the sequential evaluation process, the

ALJ determined that Claimant has the RFC to perform light work as defined by 20 C.F.R. §

---

[2] A claimant's RFC is "an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1545(a)).

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

416.967(b), "except with an ability to stand and walk 2 hours in an 8-hour day, occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl.   She should never climb ropes, ladders, or scaffolds.   The claimant is limited to simple, routine, and repetitive tasks, with <u>no interaction with the public and occasional interaction with coworkers and supervisors</u>."   R. 19 (emphasis added).[4]

At the hearing, the ALJ posed five (5) hypotheticals to the VE.   R. 45-48.   The ALJ's first hypothetical included the following limitations: 1) the person could lift, carry, push, and pull 20 pounds occasionally, and 10 pounds frequently; 2) the person could stand and walk for about two hours out of an eight hour workday, and could sit for up to six hours out of an eight hour workday; 3) the person could climb stairs, balance, stoop, kneel, crouch and crawl occasionally, and should never climb ladders or scaffolds; 4) the person would be limited to simple, routine, and repetitive tasks; and 5) the person could have occasional interaction with coworkers and the public.   R. 45-46.   In response, the VE testified that such an individual could perform work as an addresser and pari-mutuel ticket checker.   R. 46-47.[5]

The ALJ's third, fourth and fifth hypotheticals each contain limitations 1-4 from the first hypothetical, but contain different limitations concerning the individual's ability to interact with the public, coworkers, and supervisors.   R. 48.   Specifically, the ALJ's third hypothetical limited the individual to no interaction with the public, but occasional interaction with coworkers.   R. 48.

---

[4] Light work is defined as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities."   20 C.F.R. § 404.1567(b).

[5] Initially, the ALJ included a limitation to a "work environment free of fast-paced production requirements" in the first hypothetical, but later struck that limitation.   R. 46.   The ALJ included the no fast-paced production limitation in the second hypothetical, which was otherwise consistent with the first hypothetical.   R. 47.   In response, the VE testified that the addition of a production requirement posed a problem, and thus did not identify any work that such a hypothetical individual could perform.   *Id.*

In response, the VE testified, as he did in response to the first hypothetical, that such an individual could perform work as an addresser and pari-mutuel ticket checker. *Id*. The ALJ's fourth hypothetical limited the individual to no interaction with the public and coworkers, and occasional supervision. *Id*. The ALJ's fifth hypothetical limited the individual to being unable to respond appropriately to unusual work situations, the public, coworkers, and supervisors. *Id*. In response to fourth and fifth hypotheticals, the VE testified that such an individual could not perform any work in the national economy. *Id*.

The ALJ ultimately relied on the VE's testimony in determining that Claimant can perform other work in the national economy, thus concluding that Claimant is not disabled. R. 22. This is problematic since the ALJ never posed a hypothetical that contained all of Claimant's limitations. The ALJ's RFC determination limited Claimant, in relevant part, to "no interaction with the public and occasional interaction with coworkers and supervisors." R. 19. The first and third hypotheticals, which, according to the VE, would not preclude Claimant from performing other work in the economy, are not consistent with and less restrictive than the ALJ's RFC determination. *Compare* R. 19 *with* R. 45-48. Specifically, both hypotheticals omit limitations concerning Claimant's ability to interact with supervisors, and the first hypothetical only limits Claimant to occasional interaction with the public. R. 45-48. In light of these material differences, the Court finds that the ALJ's determination at step five, which relies on the VE's testimony, is not supported by substantial evidence. *Pendley*, 767 F.2d at 1562.[6] Accordingly, the case must be reversed.

The Court must next address Claimant's bald request that the case be remanded for an

---

[6] The apparent significance of the ALJ's failure to include a limitation concerning Claimant's ability to interact with supervisors in the first and third hypotheticals is highlighted by the VE's response to the fourth hypothetical, which limited Claimant to no interaction with the public and coworkers, and occasional supervision.

award of benefits.   Doc. No. 30 at 39.   Claimant devotes no portion of the joint brief to her request that the case be remanded for an award of benefits.   *See* Doc. No. 30.   Instead, Claimant simply includes a request that the case be remanded for an award of benefits in the conclusion of the joint brief.   *Id.* at 39.   Simply put, reversal for an award of benefits is only appropriate either where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, or where the Claimant has suffered an injustice.   *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993) (disability beyond a doubt warrants award of benefits); *see Walden*, 672 F.2d at 840.   Here, neither the reason necessitating reversal nor the record establish that Claimant is disabled beyond a doubt or that Claimant has suffered an injustice.   Accordingly, Claimant's request to remand for an award of benefits is not well-taken, and the matter shall be remanded for further proceedings.

**III.**   **CONCLUSION.**

For the reasons stated above, it is **ORDERED** that:

1.   The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of Section 405(g);

2.   The Clerk is directed to enter judgment in favor of the Claimant and against the Commissioner; and

3.   The Clerk is directed to close the case.

**DONE** and **ORDERED** in Orlando, Florida on September 17, 2015.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Edgardo Rodriguez-Quilichini
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
3505 Lake Lynda Dr.
Suite 300
Orlando, FL 32817-9801